IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY RAMIS | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-15-1481 |
| TIMOTHY STEWART | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

While in the custody of the Federal Bureau of Prisons ("BOP") following his conviction for a drug offense, for which he received an enhanced sentence for possession of a firearm, Petitioner Gary Ramis enrolled in a substance-abuse treatment program, an incentive of which is early release for eligible participants. When Ramis was not found eligible for early release, he filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He argues that the BOP regulations that classify him as ineligible for early release are contrary to the statutory provisions requiring the BOP to offer the program and permitting the BOP to reduce the confinement period of prisoners who were convicted of non-violent offenses and who successfully complete the program. *Id.*

Pending is Respondent's Motion to Dismiss, ECF No. 4, which the parties fully briefed, ECF Nos. 4-1, 6, 7. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner is not necessarily entitled to a hearing). For the reasons stated below, the Motion to Dismiss shall be granted and a Certificate of Appealability shall not issue.

**Residential Drug Abuse Program**

18 U.S.C. § 3621 directs the BOP to establish substance abuse programs for prisoners the BOP determines have a treatable condition of substance addiction or abuse. 18 U.S.C. § 3621(b) (The BOP "shall make available substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."). Prisoners convicted of non-violent offenses who successfully complete a treatment program may have their remaining period of confinement reduced by up to one year. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." (emphasis added)). Otherwise, prisoners who successfully complete a treatment program shall remain in the custody of the BOP under such conditions deemed appropriate. *See* 18 U.S.C. § 3621(e)(2)(A). Thus, the BOP has the discretion to provide up to one year of early release to prisoners who have been convicted of a non-violent offense and successfully complete such a program. 18 U.S.C. § 3621(e)(2)(B).

The BOP established the Residential Drug Abuse Program ("RDAP") to fulfill the mandate of § 3621, promulgated 28 C.F.R. § 550.53–55 to implement the program, and issued a Program Statement to clarify the eligibility requirements for the early release program. BOP Program Stmt. 5162.05, Resp.'s Mem. Ex. 1, ECF No. 4-2. The RDAP consists of three phases: 1) the unit-based residential program; 2) the institution transition phase, and 3) the community transitional services phase. 28 C.F.R. § 550.53. Successful completion of the program requires completion of each of the three phases; at that point, the inmate becomes eligible for incentives including early release. *Id.* §§ 550.53–55. Specifically, once an eligible inmate "[s]uccessfully completes a RDAP . . . during [his] current commitment," he "*may* be eligible for early release by a period not to exceed 12 months." 28 C.F.R. § 550.55(a) (emphasis added).

To be eligible for early release, an inmate also must have been "sentenced to a term of imprisonment . . . for a nonviolent offense." 28 C.F.R. § 550.55(a). 28 C.F.R. § 550.55(b)'s listing of "categories of inmates . . . not eligible for early release" includes

> (5) Inmates who have a current felony conviction for:
> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives . . . ;
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; [and]
>
> * * *
>
> (6) Inmates who have been convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section[.]

Additionally, the Program Statement provides that "possession of a dangerous weapon during the commission of a drug offense[] poses a serious potential risk that force may be used against persons or property," and on that basis a defendant could receive a sentencing enhancement that "reflects the increased danger of violence when drug traffickers possess weapons." An inmate who has received such an "enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits." BOP Program Stmt. 5162.05, at 10.

### Ramis's Eligibility for Early Release

Ramis is a federal prisoner committed to the custody of the BOP for service of a 70 month-term of confinement following his conviction of violating 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute marijuana. Pet. 2–4; SENTRY Public Info. Inmate

Data for Gary Ramis, Bryan[1] Decl. Att. A, Resp.'s Mem. Ex. 2, ECF No. 4-3. Petitioner was sentenced by the United States District Court for the Southern District of New York and, at the time this Petition was filed, confined to FCI-Cumberland.[2] Bryan Decl. ¶¶ 4–5. At sentencing, Petitioner received a two-point enhancement for possession of a firearm in relation to the conspiracy to distribute and possession with intent to distribute marijuana. Pet. 2, 4.

On October 8, 2014, BOP staff reviewed Petitioner for entrance into the RDAP program and 3621(e) early release eligibility. Resp.'s Mem. 4; Request for § 3621(e) Offense Review, Bryan Decl. Att. C. Petitioner was found eligible for RDAP participation and enrolled in the 500-hour substance-abuse treatment program on October 20, 2014. But it was determined that he was ineligible for early release pursuant to 28 C.F.R. § 550.55. Resp.'s Mem. 4; Request for § 3621(e) Offense Review.

> Specifically, Petitioner was found ineligible due to the facts and circumstances of his conviction, in that his current offense conviction (1) has an element, the actual, attempted, or threatened use of physical force against the person or property of another; (2) involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives; (3) by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; and (4) is an attempt, conspiracy, or other offense which involved an underlying offense to commit any precluding offense.

Resp.'s Mem. 4–5; *see* Bryan Decl. ¶ 6; Request for § 3621(e) Offense Review.

Petitioner states that he was found ineligible for an early release or sentence reduction because the BOP has implemented a "categorical exclusion from consideration for sentence reduction" any prisoner who received a base offense level enhancement of two levels for possession of a firearm. Pet. 3–4. Petitioner asserts that the BOP's determination that he is ineligible for early release is improper because he was not convicted of a crime of violence;

---

[1] H. Leon Bryan is the Drug Abuse Treatment Coordinator at the Federal Correctional Institution at Cumberland, Maryland (FCI-Cumberland). Bryan Decl. ¶ 1.

[2] Petitioner was transferred to FCI-Fort Dix, New Jersey on or about September 15, 2015. ECF No. 8.

rather, he was convicted of a drug offense. He states that the sentencing judge applied a two level sentence enhancement authorized under United States Sentencing Guidelines ("USSG") 2D1.1(b)(1) for weapons possession, but he was not convicted of a firearms offense. *Id.* at 4.

The dispute between the parties involves whether the BOP is empowered to make eligibility determinations such as that promulgated in 28 C.F.R. § 550.55. Petitioner does not dispute that he is ineligible for early release under the regulations as currently written; rather, he maintains that the eligibility criteria promulgated are contrary to the statutory provisions enacted by Congress. Pet. 1, 6. Specifically, Petitioner alleges his two-level sentencing enhancement for possession of a firearm is not a crime of violence within the meaning of 18 U.S.C. § 3621 and the BOP should not have relied on it to find him ineligible for early release following completion of an RDAP. *Id.*

As noted, Congress has empowered the BOP to exercise its discretion in determining which inmates may receive early release under 18 U.S.C. § 3621(e)(2)(B). In the exercise of that discretion, the BOP "must balance Congress's twin goals of providing an incentive for certain prisoners to undergo drug treatment while at the same time protecting the public from potentially violent criminals." *Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir. 1999). The Program Statement developed for the RDAP incentive of early release "lists specific offenses [to] be considered violent" and "includes a conviction or sentence enhancement for possession of a firearm in connection with the commission of a drug offense." *See id.*; *see also* 28 C.F.R. 550.55; BOP Program Stmt. 5162.05, at 10. It is undisputed that Petitioner's sentence was enhanced for possession of a firearm. "While the Bureau of Prisons' definition of a crime of violence may not be consistent with court interpretations of 18 U.S.C. § 924(c)(3), it is, nevertheless, a permissible and reasonable interpretation of the statute from which the Bureau

derived its authority." *Pelissero*, 170 F.3d at 447. The determination that Petitioner does not qualify for early release is an exercise of the BOP's discretion pursuant to 18 U.S.C. § 3621.

Moreover, the promulgation of the Program Statement implementing the early release incentive is an "internal agency guideline that has not been subjected to the rigors of notice and comment rulemaking." *Cunningham v. Scibana*, 259 F.3d 303, 306 (4th Cir. 2001). While such statements are not given the force of law, they are entitled to deference. *See id.*; *Christensen v. Harris County*, 529 U.S. 576, 587 (2000). An agency's interpretations of a statute, such as the BOP's program statement at issue here,

> while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.

*Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).

The BOP's Program Statement specifying that prisoners such as Petitioner whose sentences were enhanced for possession of a firearm during the commission of a drug offense was upheld by the Fourth Circuit in *Pelissero* when it noted that the regulation would be upheld "so long as it 'implement[s] the congressional mandate in a reasonable manner.'" *Pelissero*, 170 F.3d at 447 (quoting *Snowa v. Comm'r*, 123 F.3d 190, 197 (4th Cir. 1997)). Further, the Supreme Court found that, in excluding prisoners who had prior involvement with firearms in connection with the commission of a felony from early release, the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests [the prisoner's] readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Lopez v. Davis*, 531 U.S. 230, 244 (2001).

Moreover, Petitioner has no constitutional right to early release or participation in rehabilitation programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). If Petitioner wishes to assert that the sentencing enhancement was improperly imposed by the sentencing court, he must raise his claim in the appropriate court through a motion to vacate pursuant to 28 U.S.C. § 2255; it may not be considered here. The Petition for Writ of Habeas Corpus fails to state a claim upon which relief may be granted. Accordingly, Respondent's Motion to Dismiss shall be granted by separate Order which follows.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because there has been no substantial showing of the denial of a constitutional right, a Certificate of Appealability shall be denied. *See* 28 U. S.C. § 2253(c)(2).

01|5 2016
~~01152016~~
_____
Date

_____
Paul W. Grimm
United States District Judge